```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
_____
                                    )
In re:                              )
PETER WOJTKUN,                      )       Chapter 7
                                    )       No. 17-12719-MSH
              Debtor.               )
                                    )
_____ )
                                    )
JOSEPH G. BUTLER, CHAPTER 7         )
TRUSTEE OF PETER WOJTKUN            )
                                    )
              Appellant,            )
                                    )       Civil Action Nos.
                   v.               )         18-12026-PBS,
                                    )         18-12032-PBS,
                                    )         15-10342-PBS
PETER WOJTKUN,                      )
                                    )
              Appellee.             )
_____ )
```

## MEMORANDUM AND ORDER

February 15, 2019

Saris, C.J.

### INTRODUCTION

Trustee Joseph Butler appeals from the bankruptcy court's refusal to issue an order barring Debtor Peter Wojtkun from performing dental services for five years within fifteen miles of his former dental practice. The Trustee seeks this order to facilitate the sale of the practice, which is an asset of Wojtkun's Chapter 7 estate. Relying on Wojtkun's duty to cooperate with the Trustee, the bankruptcy court issued an order

1

requiring him to provide information about the practice to the Trustee to assist with the sale and barring him from actively soliciting the practice's patients, but it declined to issue the requested noncompetition order.

After hearing, the Court **AFFIRMS** the bankruptcy court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

Wojtkun filed a petition for Chapter 7 bankruptcy protection in the Bankruptcy Court for the District of Massachusetts on May 7, 2013. Joseph Butler was appointed as trustee the following day. The court granted Wojtkun a discharge on August 13, 2013. At the time he filed his petition, Wojtkun was a practicing dentist and the sole shareholder of Peter Wojtkun DMD P.C., a Massachusetts professional corporation. By filing his petition, his shares in the professional corporation transferred to the Trustee. See In re Wojtkun, No. 16-cv-10843, 2017 WL 888307, at *3 (D. Mass. Mar. 6, 2017) (affirming the bankruptcy court's order permitting the Trustee "to take certain actions as the sole shareholder and director of the corporation"). The professional corporation ceased operating in November 2014.

Since filing for bankruptcy, Wojtkun has practiced dentistry at the same location where his professional

corporation operated, using the same equipment and treating the same patients.

Wojtkun and the Trustee have repeatedly clashed over the administration of the bankruptcy estate. The Trustee seeks to sell the professional corporation. He contends that he cannot do so, however, because Wojtkun refuses to provide information about the practice to allow for a proper valuation and is operating a new dental practice in the same location, which depresses the value of the professional corporation. On April 25, 2017, the Trustee initiated an adversary proceeding against Wojtkun in the bankruptcy court seeking an injunction pursuant to 11 U.S.C. § 105(a) and 11 U.S.C. § 521(a)(3) to bar him from hindering or interfering with the Trustee's sale of the dental practice, require him to cooperate with the Trustee in the sale, and restrict him from practicing dentistry within fifteen miles of the practice for five years to avoid competition with the purchaser of the professional corporation.

After Wojtkun moved for summary judgment, the bankruptcy court (Hoffman, J.) issued its decision on August 23, 2018. Because neither 11 U.S.C. § 105(a) nor 11 U.S.C. § 521(a)(3) creates a private right of action, the court treated the adversary proceeding complaint as a motion for an order compelling Wojtkun to comply with his duties under 11 U.S.C. § 521. The court determined that Wojtkun's duty to cooperate

with the Trustee in the sale of the professional corporation required him to provide his business and patients records and answer questions about the practice for prospective buyers. It also decided that Wojtkun could not actively solicit patients of the practice, though he could treat patients who sought him out on their own. Wojtkun does not challenge either of these aspects of the bankruptcy court's order.

The court then addressed the Trustee's request for a noncompetition order. The court acknowledged that Massachusetts law imposes on certain voluntary sellers of a business an implied covenant not to compete with the buyers but determined that this implied covenant did not attach to involuntary sales in bankruptcy. The court recognized that the Seventh Circuit in In re Uniservices, Inc., 517 F.2d 492, 497 (7th Cir. 1975), affirmed a declaration prohibiting a former president and shareholder of the debtor company from competing with the company. The court found Uniservices inapposite, however, because it was a reorganization case and unique equitable factors, namely that the individual forced his employees to enter into covenants not to compete, justified the noncompetition order.

The court instead found this dispute comparable to In re Glazer, 317 B.R. 488, 490 (Bankr. E.D. Mich. 2004), where a bankruptcy court declined to impose a noncompetition order on a

4

debtor as part of the sale of his chiropractic practice. The court in Glazer declined to do so because the Bankruptcy Code's fresh start policies trumped the competing goal of maximizing creditor recovery and because a noncompetition order would effectively bring the debtor's right to work in a certain area into the estate (in violation of the Code's exemption for post-petition earnings). The bankruptcy court recognized that Glazer did not address a debtor's obligation to cooperate with a trustee under § 521(a)(3) but nevertheless declined to order Wojtkun not to practice dentistry within fifteen miles of the practice for five years.

The Trustee filed a notice of appeal with this Court on September 24, 2018. He challenges the bankruptcy court's decision not to impose the noncompetition order on Wojtkun.

## DISCUSSION

### I. Standard of Review

The district court reviews "the bankruptcy court's findings of fact for clear error, and its conclusions of law de novo." Irving Tanning Co. v. Kaplan, 876 F.3d 384, 389 (1st Cir. 2017). "Discretionary rulings made pursuant to the Bankruptcy Code are reviewable only for abuse of discretion." In re Gonic Realty Tr., 909 F.2d 624, 626 (1st Cir. 1990). A bankruptcy court abuses its discretion when it "relies upon an improper factor, neglects a factor entitled to substantial weight, or considers

5

the correct mix of factors but makes a clear error of judgment in weighing them." In re Mercado, 523 B.R. 755, 761 (B.A.P. 1st Cir. 2015) (internal quotation omitted). The bankruptcy court treated the Trustee's complaint as a motion for an order to enforce Wojtkun's duty to cooperate under 11 U.S.C. § 105, which grants the court discretionary powers to issue orders to enforce the Bankruptcy Code. Because the bankruptcy court did not decide that it could never impose a noncompetition order on a debtor but instead exercised its discretion not to grant the requested relief in this case, this Court reviews the bankruptcy court's decision for abuse of discretion.

## II. Standing

Before reaching the merits of the appeal, Wojtkun challenges the Trustee's standing to bring the underlying adversary proceeding as a shareholder of the professional corporation. The bankruptcy court treated the adversary proceeding as a motion for an order compelling Wojtkun to comply with his duty to cooperate with the Trustee. Neither party challenges this decision. Accordingly, the Trustee was suing not as the shareholder of the professional corporation but as the trustee of the Chapter 7 estate. Wojtkun makes no argument that the Trustee does not have standing to seek this order in his capacity as trustee.

## III. Noncompetition Order

The Trustee contends that the bankruptcy court abused its discretion in declining to issue an order barring Wojtkun from practicing dentistry within fifteen miles of the location of his old practice for five years. The Trustee argues that the bankruptcy court should have entered this order to enforce Wojtkun's duty to cooperate in liquidating the assets of the estate. He also points out that the noncompetition order is authorized under Massachusetts law, which recognizes an implied covenant not to compete in certain sales of a business. See Tobin v. Cody, 180 N.E.2d 652, 655-57 (Mass. 1962).

The bankruptcy court treated the adversary proceeding as a motion requesting an order under 11 U.S.C. § 105. That provision authorizes the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). While broad, § 105(a) "does not give bankruptcy courts 'a roving writ, much less a free hand' to provide equitable relief." In re Oak Knoll Assocs., L.P., 835 F.3d 24, 34 (1st Cir. 2016) (quoting In re Jamo, 283 F.3d 392, 403 (1st Cir. 2002)). "Rather, this statute 'may be invoked only if, and to the extent that, the equitable remedy dispensed by the court is necessary to preserve an identifiable right conferred elsewhere in the Bankruptcy Code.'" Id. (quoting In re Jamo, 283 F.3d at 403); see also In

re Nosek, 544 F.3d 34, 43 (1st Cir. 2008) (noting that a bankruptcy court may only use its § 105 authority to enforce a specific code provision).

Under 11 U.S.C. § 521(a)(3), a debtor shall "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties." One duty of a Chapter 7 trustee is to "collect and reduce to money the property of the estate." Id. § 704(a)(1). The Trustee argues that the requested noncompetition order is necessary to enforce Wojtkun's duty to cooperate in the liquidation of the estate.

The duty to cooperate requires that, "whenever the trustee calls upon the debtor for assistance in the performance of his duties, the debtor is required to respond, at least if the request is not unreasonable." Collier on Bankruptcy ¶ 521.15[5] (Richard Levin & Henry J. Sommer eds., 16th ed. 2018); see also In re Morey, 416 B.R. 364, 366 (Bankr. D. Mass. 2009) (adopting this standard). Accordingly, the debtor must convey estate property to the trustee, see, e.g., In re Olsen, 36 F.3d 71, 73 (9th Cir. 1994); Turshen v. Chapman, 823 F.2d 836, 838-39 (4th Cir. 1987), and provide the trustee with information necessary to collect and liquidate the estate's assets, see, e.g., In re Auld, 561 B.R. 512, 521 (B.A.P. 10th Cir. 2017). The duty to cooperate does not require the debtor to take affirmative steps to increase the value of the estate. See In re McCourt, 12 B.R.

8

587, 591 (Bankr. S.D.N.Y. 1981) (declining to require the debtor to execute a right of election that would entitle him to one-third of the estate of his deceased wife).

In determining what actions the duty to cooperate requires a debtor to take, courts must maintain the balance that bankruptcy law aims to strike between creditors' rights to repayment and the debtor's right to a fresh start. See In re Carvalho, 335 F.3d 45, 51 (1st Cir. 2003). The debtor's duty to cooperate ensures that a trustee can "maximize the return to creditors through orderly liquidation of the assets" of the estate. In re Stinson, 269 B.R. 172, 176 (Bankr. S.D. Ohio 2001). But the debtor "acts primarily for his own benefit" to seek a fresh start. In re Waldvogel, 125 B.R. 13, 15 (Bankr. E.D. Wis. 1991). To facilitate this fresh start, 11 U.S.C. § 541(a)(6) excludes post-petition earnings from the estate. See In re Andrews, 80 F.3d 906, 910-11 (4th Cir. 1996).

To justify the noncompetition order, the Trustee relies heavily on In re Uniservices, a reorganization case in which the Seventh Circuit upheld a bankruptcy court's order barring a former president and shareholder of a debtor corporation from competing with the debtor for a reasonable time. 517 F.2d at 494, 497. The Seventh Circuit upheld the order because equity required that the president of the debtor be subject to a noncompetition order after forcing his employees to sign

covenants not to compete. See id. at 497. In re Uniservices did not consider whether the noncompetition order served to enforce the debtor's duty to cooperate.

It is true that the goodwill of the dental practice is property of the bankruptcy estate and that Wojtkun's decision to compete with the practice undermines the value of this goodwill. See Matter of Prince, 85 F.3d 314, 3224 (7th Cir. 1996) (holding that the goodwill of a Chapter 11 debtor's professional corporation was an asset of the estate). In some circumstances, a noncompetition order to maintain the value of the professional corporation's goodwill may be appropriate to enforce a debtor's duty to cooperate. Here, the record is troubling in that Wojtkun does seem to be undermining the Trustee's sale of the professional corporation by taking advantage of Chapter Seven. Getting him to cooperate with the Trustee was apparently like pulling teeth. Immediately after declaring bankruptcy, Wojtkun began providing dental services as a sole proprietor in the same office with the same equipment he used when he operating as a professional corporation before the bankruptcy. Because operating in the same location allows Wojtkun to easily poach patients from the professional corporation, it would have been within the bankruptcy court's discretion to order Wojtkun not to practice dentistry in that location.

However, other factors weigh against the issuance of the noncompetition order. The noncompetition agreement had a broad geographic scope over a long time period. Moreover, Wojtkun had already been practicing for four years when the Trustee sought the order. As such, issuing a noncompetition order would effectively give the corporation the goodwill he had generated after the discharge in bankruptcy. See In re Glazer, 317 B.R. at 489-90 (declining to issue a two-year noncompetition order covering three counties on the debtor to facilitate sale of his chiropractic practice for this reason). Accordingly, in these circumstances, the bankruptcy court did not abuse its discretion in refusing to issue the broad noncompetition order the Trustee did request because doing so would tip the balance between Wojtkun and his creditors too far in the creditors' favor.

## **ORDER**

For the foregoing reasons, the Court **AFFIRMS** the bankruptcy court's order.

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge